United States Courts
Southern District of Texas
FILED

MAY 0 8 2002

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| PAMELA M. TITTLE, on behalf of herself and a class of persons similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ENRON CORP., an Oregon corporation, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. H 01-3913<br>AND CONSOLIDATED CASES |

**MOTION TO DISMISS OF DEFENDANTS ENRON CORP. SAVINGS PLAN ADMINISTRATIVE COMMITTEE, THE ADMINISTRATIVE COMMITTEE OF THE ENRON CORP. CASH BALANCE PLAN, AND THE ADMINISTRATIVE COMMITTEE OF THE ENRON EMPLOYEE STOCK OWNERSHIP PLAN**

1. For the reasons set forth below, Defendants Enron Corp. Savings Plan Administrative Committee, The Administrative Committee of the Enron Corp. Cash Balance Plan, and The Administrative Committee of the Enron Employee Stock Ownership Plan ("Defendant Committees") respectfully move for a dismissal of plaintiffs' complaint because no viable claim or cause of action has been or can be sustained against Defendant Committees. First, Defendant Committees are not legal entities capable of being sued. Second, retaining Defendant Committees as parties is impractical, unnecessary, and inappropriate under ERISA.. Third, Defendant Committees have not been properly served. Fourth, Defendant Committees should be dismissed because individual committee members should be dismissed.



## I. DEFENDANT COMMITTEES ARE NOT LEGAL ENTITIES

2. Defendants are not legal entities capable of being sued. Fed. R. Civ. P. 17(b) provides that in a case other than that of an individual or a corporation, the capacity to be sued is determined by the law of the state in which the district court is held, except that an unincorporated association which has no such capacity by the law of such state may be sued in its common name for the purpose of enforcing against it a substantive right existing under the laws of the United States. Under Texas law, suits may be brought against partnerships, unincorporated associations, private corporations, or individuals. *See, e.g.,* Tex. Bus. Corp. Act art. 2.02 (2002); Tex. Rev. Civ. Stat. art. 1396-2.02 (2002); Tex. Rev. Civ. Stat. art. 6132b-3.01; Tex. Rev. Civ. Stat. art. 6133; Tex. R. Civ. P. r. 28. Clearly Defendant Committees are not partnerships, private corporations, or individuals. Thus, under both federal and applicable state law, Defendant Committees have the capacity to be sued only if they are properly classified as unincorporated associations.

3. An unincorporated association is a voluntary group of persons, without a charter, formed by mutual consent for purposes of promoting a common enterprise. See *Cox v. Thee Evergreen Church*, 836 S.W.2d 167, 169 (Tex. 1992). Texas unincorporated associations include churches, voters' groups, homeowners' associations, unions, and social groups such as the Independent Order of Odd Fellows. See *Id.*; *Citizens for Fair Taxes v. Sweetwater Indep. School Dist. Bd. of Trustees*, 807 S.W.2d 451, 452 (Tex. App. - Eastland 1991, no writ); *Dutcher v. Owens*, 647 S.W.2d 948, 950 (Tex. 1983); *Silver Spur Addition Homeowners v. Clarksville Seniors Apartments*, 848 S.W.2d 772, 773 (Tex. App. - Texarkana 1993, writ denied); *United Ass'n of Journeymen v. Borden*, 328 S.W.2d 739, 740 (Tex. 1959); *Hinote v. Oil, Chemical &*

*Atomic Workers Int'l Union*, 777 S.W.2d 134, 142 (Tex. App. - Houston [14th Dist.] 1989, writ denied); *Kuteman v. Lacy*, 144 S.W. 1184 (Tex. Civ. App. 1912, no writ).

4. Although service as a member of the Defendant Committees was by consent of the member, it was less than completely voluntary. The members of the Defendant Committees were employees of Enron, were appointed to the Defendant Committees by Enron, and were subject to removal by Enron at any time. *See* Savings Plan at §13.1 and §13.2, ESOP at §14.1 and §14.2, and Cash Balance Plan at §17.1 and §17.2. An individual automatically ceased to be a member of the Defendant Committees if he or she ceased to be an employee of Enron. *See* Savings Plan at §13.2, ESOP at §14.2, and Cash Balance Plan at §17.2. Thus, although the members of the Defendant Committees acted solely in the interests of plan participants and beneficiaries when carrying out their duties as members of the Defendant Committees, their status as committee members was a function of their employment, rather than being a truly voluntary activity undertaken for their own purposes or benefit.

5. Common characteristics of the organizations that have been found to be unincorporated associations include (i) a membership too large to feasibly join all members as defendants; (ii) operation under a constitution, bylaws, or other detailed organizational documents; (iii) accumulation of funds by the association for its own use; (iv) the conduct of business or other activities under its own name and for its own benefit or in furtherance of its own interests. Defendant Committees do not exhibit such characteristics. The number of committee members is not so large that individual members cannot be joined. In fact, all former committee members have been joined as defendants in this case. Moreover, Defendant Committees do not act either as a business or as a nonprofit organization: they do not have their

own assets; promote an enterprise for their own benefit; or have detailed bylaws, articles of association, or a constitution.

6. Under the plan documents, the Defendant Committees acted solely on behalf of the plans and their participants and beneficiaries. They were never considered separate legal entities that could enter into contracts or otherwise conduct business for their own benefit. *See Askew v. Joachim Memorial Home*, 234 N.W.2d 226 (N.D. 1975) ("...the Association's bylaws make it clear that for all purposes the membership of the Association considers the organization to be a legal entity separate and apart from the individual members themselves"). For example, Defendant Committees have not registered as an association with Harris County. *See* Tex. Bus. & Com. Code § 36.10 (2002) (Any person who regularly conducts business or renders professional services other than as a corporation, limited partnership, registered limited liability partnership, or limited liability company in this state under an assumed name shall file in the office of the county clerk in each county in which such person has or will maintain business or professional premises or, if no business or professional premises are or will be maintained in any county, in each county where such person conducts business or renders a professional service, a certificate . . . .).

## II. RETAINING DEFENDANT COMMITTEES AS DEFENDANTS IS IMPRACTICAL, UNNECESSARY AND INAPPROPRIATE UNDER ERISA

7. Under Rule 21, Fed. R. Civ. P., the Court may add or drop a party at any time on such terms as are just. The Court should drop the Defendant Committees as defendants in this action in the interest of the efficient administration of justice. It is impractical and unnecessary to have both individual committee members and Defendant Committees as defendants. All of the former committee members are parties to this suit. All pleadings, discovery responses, and other

papers required of Defendant Committees in this case have been and will be substantially duplicative of those filed or served by the individual defendants who are former committee members. The costs of preparing such duplicative material and otherwise conducting the defense of the Defendant Committees independently of the individual defendants may ultimately be borne by plaintiffs, should they prevail in this action (i.e., such costs may reduce any insurance proceeds available to satisfy any judgment that may be rendered in favor of plaintiffs). Accordingly, the interests of justice are not served by retaining Defendant Committees as defendants in this action.

8. By order of the bankruptcy court, State Street Bank and Trust Company will have all fiduciary powers, duties, and responsibilities previously assigned to the Defendant Committees. *In re Enron Corp.* (S.D.N.Y., April 19, 2002). (The order is a public record which may be properly considered by the Court in ruling on a motion to dismiss. *See, e.g., Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)) As a result of the State Street appointment, all members of the Defendant Committees have resigned (or may be expected to resign) and there is no prospect that new members will be appointed to committees that have no ongoing function. Accordingly, no purpose is served by maintaining Defendant Committees as parties.

9. Dismissal of this action with respect to Defendant Committees would have no adverse impact on plaintiffs' prospects for obtaining the relief they have requested. Dismissal with respect to Defendant Committees would have no impact on the plaintiffs' ability to obtain the requested relief from other defendants. However, that requested relief is that Defendant Committees and other defendants restore losses to the plans and calculate and distribute benefits in a specified manner (TC ¶¶735 - 775). Even if Defendant Committees were found liable, they

would be unable to provide the relief requested. Defendant Committees have no assets of their own that could be used to satisfy such a judgment, they have no members who could cause the requested calculation and distribution of benefits to occur, and they have no authority to order any such calculation and distribution in light of the appointment of State Street as the independent fiduciary for the plans.

10. In the circumstances of this action, treatment of Defendant Committees as defendants separate and independent from the individual members of the committees is inconsistent with the statutory scheme under ERISA. ERISA provides for co-fiduciary liability as follows:

> In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his failure to comply with section 404(a)(1) in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). These statutory provisions clearly permit the imposition of liability only if the individual fiduciary has acted or failed to act in a manner violative of his or her duties under ERISA. If plaintiffs assert that a judgment against the Defendant Committees would have effect independent of any judgment against the individual former members thereof, they are asserting a right to impose a form of co-fiduciary liability not contemplated by the statute.

Similar principles of individual responsibility, rather than collective or entity-like responsibility, are reflected in the ERISA provision that no fiduciary shall be liable with respect

to a breach of fiduciary duty if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary. 29 U.S.C. § 1109(b). Treatment of the Defendant Committees as entities subject to suit independently of their members is clearly inconsistent with an express statutory provision that they cannot be held liable for breaches committed before they became fiduciaries.

## III. DEFENDANT COMMITTEES HAVE NOT BEEN PROPERLY SERVED

11. As of the time of filing, Defendant Committees have not been properly served with any complaint and made a party to this action. Therefore, Defendant Committees should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## IV. DEFENDANT COMMITTEES SHOULD BE DISMISSED FOR THE SAME REASONS DEFENDANT COMMITTEE MEMBERS SHOULD BE DISMISSED

12. Philip J. Bazelides, James G. Barnhart, Keith Crane, William Gulyassy, Rod Hayslett, Mary K. Joyce, Sheila Knudsen, Tod A. Lindholm, James S. Prentice, David Shields, and Cindy Olson ("Defendant Committee Members") should be dismissed for the following reasons, which are set forth in more detail in the Motion To Dismiss On Behalf Of Certain Administrative Committee Defendants And Mikie Rath and Defendant Cindy K. Olson's Motion to Dismiss:

- **Count I** – The allegations are insufficient to support a claim that, in the language of that count, Defendant Committee Members "induced" or "mandated" the acquisition or retention of Enron stock in the Savings Plan and the ESOP. Nor do the allegations support a claim that these defendants knew, or should have known that Enron stock was an improvident investment such that they were duty-bound under ERISA to override the decisions of the plan sponsor or plan participants to invest in Enron stock. In short, their failure to uncover the alleged carefully-concealed fraud cannot give rise to an ERISA fiduciary breach claim.

- **Count II** – Plaintiffs have no standing to bring a claim regarding the transition of record-keeping functions from The Northern Trust Company to Hewitt Associates, i.e., the so-

called "Lockdown" claim. Moreover, even if plaintiffs had standing, the "Lockdown" claim fails as a matter of law with respect Defendant Committee Members because the express terms of the plans provide that they had no responsibilities, and thus were not ERISA fiduciaries, with respect to such matters. The plan documents make clear that full discretionary authority and responsibility with respect to the "Lockdown" was in the hands of Enron, and not any of these defendants.

- **Count III** – Plaintiffs' diversification claim regarding Enron stock in the Savings Plan fails as a matter of law because, as plaintiffs themselves concede, the plan is expressly exempted from ERISA diversification requirements. Given that acknowledged statutory exemption and the fact that the plan both requires participants to make their own investment decisions and expressly authorizes the investment of up to 100% of its assets in company stock, any residual diversification requirement imposed by the plan's terms could require no more than that participants have available a range of diversified investment options, which plaintiffs concede they did.

- **Count IV** – Plaintiffs' fiduciary challenge to the provisions of the Enron Retirement Plan under which the value of Enron stock in a participant's ESOP account offset his or her benefit under the Enron Retirement Plan is a disguised "benefit claim." As such, it cannot be maintained under ERISA's civil enforcement regime. Moreover, even if this claim could be maintained against the plan, it should be dismissed as to Defendant Committee Members because the relief sought is not available against them under ERISA as a matter of law.

Because Defendant Committee Members should be dismissed, Defendant Committees, which have been comprised of those defendants, should likewise be dismissed.

## V. CONCLUSION

13. For the reasons set forth above, plaintiffs have failed to state a claim against the Defendant Committees upon which relief can be granted. Accordingly, this Court should grant Defendant Committees' motion to dismiss under Fed. R. Civ. P. 12(b)(6).

14. Because Plaintiffs have not properly served Defendant Committees, this Court should dismiss this action against the Defendant Committees pursuant to Fed. R. Civ. P. 12(b)(5).

15. For the reasons set forth above, plaintiffs continuation of this action against Defendant Committees is unnecessary, inappropriate, and inconsistent with ERISA.

Accordingly, this Court should grant Defendant Committees' motion to be dropped as defendants pursuant to Fed. R. Civ. P. 21.

16. Because Defendant Committee Members should be dismissed, Defendant Committees, which have been comprised of those defendants, should likewise be dismissed.

Dated: May 8, 2002.

Respectfully submitted

J. Cal Courtney, Jr.
Attorney-in-Charge
Southern District Bar No. 11630
State Bar No. 04896500
Courtney & Associates, P.C.
5847 San Felipe, Suite 1680
Houston, Texas 77057
(713) 706-4100
(713) 706-4104 (fax)

Counsel for Defendants Enron Corp. Savings Plan Administrative Committee, The Administrative Committee of the Enron Corp. Cash Balance Plan, and The Administrative Committee of the Enron Employee Stock Ownership Plan

OF COUNSEL:

Wendy C. Scarborough
Southern District Bar No. 26181
State Bar No. 24012388
Courtney & Associates, P.C.
5847 San Felipe, Suite 1680
Houston, Texas 77057
(713) 706-4100
(713) 706-4104 (fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument was sent by email, facsimile, or U.S. mail to counsel listed on Exhibit A on this the 8th day of May, 2002.

J. Cal Courtney, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| PAMELA M. TITTLE, on behalf of herself and a class of persons similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ENRON CORP., an Oregon corporation, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. H 01-3913<br>AND CONSOLIDATED CASES |

**ORDER GRANTING**
**DEFENDANTS' ENRON CORP. SAVINGS PLAN ADMINISTRATIVE COMMITTEE, THE ADMINISTRATIVE COMMITTEE OF THE ENRON CORP. CASH BALANCE PLAN, AND THE ADMINISTRATIVE COMMITTEE OF THE ENRON EMPLOYEE STOCK OWNERSHIP PLAN MOTION TO DISMISS**

Upon consideration of the Motion to Dismiss (the "Motion") submitted by Defendants' Enron Corp. Savings Plan Administrative Committee, The Administrative Committee of the Enron Corp. Cash Balance Plan, and The Administrative Committee of the Enron Employee Stock Ownership Plan, the Court, having reviewed the Motion and response thereto, and the authorities presented, is of the opinion that the motion should be granted.

It is therefore ORDERED that Defendant Committees' Motion is granted.

SIGNED on this _____ day of __________, 2002.

______________________________
The Honorable Melinda Harmon
United States District Court Judge